UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOMINIC AMOROSO,

                Petitioner,

vs.                    Case No.  2:05-cv-447-FtM-29SPC

SECRETARY, DOC; FLORIDA ATTORNEY
GENERAL,

                Respondents.

_____

## OPINION AND ORDER

### I. Status

Petitioner, Dominic Amoroso (hereinafter "Petitioner" or "Amoroso"), who is represented by counsel, initiated this action by filing a Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254 on September 22, 2005.  Amoroso challenges his state court judgment of conviction for burglary and petit theft arising in the Twentieth Judicial Circuit Court, Lee County, Florida for which Amoroso was sentenced to nine years in prison. Petition at 2.[1]  The Petition identifies the following three grounds for relief:

1. **Ineffective assistance of counsel: counsel agreed to an answer to a jury question that was an erroneous comment on the evidence.**

2. **Ineffective assistance of counsel: counsel failed to introduce evidence that would have**

_____

[1]Unless specified otherwise, all page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

> **impeached the testimony the trial court used to deny a motion to suppress physical evidence.**
>
> 3. **Ineffective assistance of counsel: counsel failed to object to improper chain of custody for items allegedly stolen by Petitioner.**

Id. at 5.  Petitioner further incorporates by reference his Rule 3.850 Motion filed in the State court, which Petitioner attaches as Appendix I to the Petition (Doc. #2, "Pet. App.").  In accordance with the Court's Order, and after being granted an extension of time, Respondent filed a Response to the Petition (Doc. #9, Response).  Respondent attaches various exhibits in support of his Response (Exhs. ##1-15).  Respondent submits that the claims should be denied due to Petitioner's failure to satisfy the threshold requirements of 28 U.S.C. § 2254 (d) and (e).  Response at 1. Petitioner filed a Reply to the Response (Doc. #14, Reply).  This matter is ripe for review.

## II. Procedural History

Petitioner was charged by Information with one count of burglary of a structure (Count I), and one count of grand theft (Count II), both third degree felonies (Case No. 00-1379CF). Petitioner, who was represented by Assistant Public Defender Tracy L. Redd, proceeded to a jury trial and was found guilty of burglary of a structure (Count I) and petit theft (Count II).  On January 19, 2001, the court sentenced Petitioner to nine (9) years imprisonment as a habitual offender on the burglary charge (Count

I), and 273 days in county jail on the petit theft charge (Count II).  Exh. #15 at 278-286.

Petitioner, represented by Assistant Public Defender Megan Olsen, filed a direct appeal raising two grounds of trial court error.  Exh. #1.  The State filed an answer brief.  Exh. #2. Petitioner filed a *pro se* Reply.  Exh. #3.  On August 14, 2002, the appellate court *per curiam* affirmed, without written opinion. Amoroso v. State, 826 So. 2d 292 (Fla. 2d DCA 2002); Exh. #4. Mandate issued on September 6, 2002.  Exh. #5.

On October 31, 2002, Petitioner, represented by retained counsel, James T. Miller, filed a Rule 3.850 motion raising three claims of ineffective assistance of counsel, which mirror the claims raised in the instant Petition.  Exh. #6.  On June 21, 2004, the State filed a response to the Rule 3.850 motion.  Exh. #7.  On February 15, 2002, the post conviction court summarily denied Petitioner's Rule 3.850 motion without an evidentiary hearing. Exh. #8.  Attorney Miller, on behalf of Petitioner,  appealed the trial court's ruling.  Exh. #9.  On August 12, 2002, the appellate court  *per curiam*  affirmed  the  trial  court's  denial  of  post conviction relief.  Amoroso v. State, 911 So. 2d 107 (Fla. 2d DCA 2005); Exh. #11.  Attorney Miller filed a motion for a rehearing, which was denied by the appellate court on September 2, 2005. Exhs. #12-13.  Mandate issued on September 20, 2005.  Exh. #14.

-3-

### III.  Applicable § 2254 Law

The instant Petition was timely filed[2] after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action.  Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007);  Penry v. Johnson, 532 U.S. 782, 792 (2001);  Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).  Under AEDPA, the standard of review "is 'greatly circumscribed and highly deferential to the state courts.'  Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)."  Stewart v. Sec'y Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).  See also Parker v. Sec'y Dep't of Corr., 331 F.3d 764 (11th Cir. 2003). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002).

**Deference to State Decision**

Where a petitioner's claim was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision.  See, e.g., Ferguson v.

_____

[2]The AEDPA imposes a one-year statute of limitations on § 2254 actions.  28 U.S.C. § 2244(d).  Respondent does not address the issue of timeliness in its Response.  See generally Response. Here, Petitioner's conviction became final on November 13, 2002. Petitioner let 351 days elapse before filing his Rule 3.850 motion. Only one additional day elapsed between the issuance of the appellate court's mandate and the filing of the instant Petition. Consequently, the Court deems the Petition timely filed.

Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).  Habeas relief may

not be granted with respect to a claim adjudicated on the merits in

state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See Brown v. Payton, 544 U.S. 133, 141

(2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003).  A state

court's summary rejection of a claim, even without explanation,

qualifies as an adjudication on the merits which warrants

deference. Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of

Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002). See also Peoples

v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied,

545 U.S. 1142 (2005).

Clearly established federal law" consists of the governing

legal principles, rather than the *dicta*, set forth in the decisions

of the United States Supreme Court at the time the state court

issues its decision. Carey v. Musladin, 549 U.S. 70, ___ , 127 S.

Ct. 649, 653 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412

(2000)). In cases where nothing in the Supreme Court's

jurisprudence addresses the issue on point or the precedent is

ambiguous and gives no clear answer to the question, it cannot be

said that the state court's conclusion is contrary to, or

constitutes an unreasonable application of, "clearly established

Federal law." Wright v. Van Patten, 128 S. Ct. 743, 747 (2008); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown, 544 U.S. at 141; Mitchell, 540 U.S. at 15-16. Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The "unreasonable application"

inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004). Thus, the state court's decision is not subject to federal review de novo; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. Rice v. Collins, 546 U.S. 333, 338 (2006). Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046

-7-

(2001) (citation omitted).  An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed *de novo*. <u>Rolling v. Crosby</u>, 438 F.3d 1296, 1299 (11th Cir.), <u>cert. denied sub nom.</u> <u>Rolling v. McDonough</u>, 126 S. Ct. 2943 (2006).

Finally, if the state court fails or declines to rule on the merits of a particular claim raised before it, that claim falls outside of the scope of § 2254(d)(1)'s restrictions and the reviewing federal habeas court owes no deference to the state court decision when evaluating that claim.  <u>Davis v. Sec'y Dep't of Corr.</u>, 341 F.3d 1310, 1313 (11th Cir. 2003).

**Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  <u>Newland v. Hall</u>, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  <u>Newland</u>, 527 F.3d at 1184.  In <u>Strickland</u>, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made

-8-

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688. Petitioner bears a heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006). "Petitioner must show that the course of action taken by counsel would not have been taken by any competent counsel." Blankenship v. Hall, ___ F.3d ___, 2008 WL 4191952 (11th Cir. 2008)(citations omitted). A Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United

States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

## IV.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, ___ U.S. ___, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

### Ground One

Petitioner, in his first ground on ineffective assistance of counsel, faults counsel for agreeing to an answer provided by the court to a jury question that Petitioner contends was an erroneous

-10-

comment on the evidence.  Petition at 5.  In particular, Petitioner argues that the answer provided by the court to a question posed by the jury "was a comment on the evidence and erroneously told the jury that the issue of whether golf clubs/shoes found in Defendant's truck were the same items taken in a burglary was not a relevant consideration for the jury."  Id.  Significantly, Petitioner argues that "the question of whether the golf clubs/shoes were from the burglary was the determinative question for the jury in this case."  Reply at 3.  Thus, Petitioner argues that the court's statement that the question was "not relevant" was improper and should have been objected to by trial counsel.  Id. at 4.

Respondent contends that Petitioner's "allegation is a misleading and inaccurate characterization of the jury's questions and the court's answer."  Response at 12.  Further, when read in proper context, Respondent argues that "the trial court's answer to the jury questions was proper."  Id. at 14.  The post conviction trial court adjudicated this claim on the merits.  In denying this claim, the trial court properly identified the two-prong Strickland ineffectiveness test as the controlling law and stated in pertinent part:

> The Defendant's first allegation, that trial counsel was
> ineffective for failing to object and "agreeing" with the
> trial court when it responded to the jury's request for
> additional evidence by instructing the jury that the
> evidence was irrelevant and that they must rely on the
> evidence  introduced at trial, is without merit.  The

Defendant claims that the jury asked two questions after jury instructions were read:  Why was the truck secured in impound and were the golf clubs and golf shoes in sight of the officer, the same items described by the owner?  As stated previously, the trial court and trial counsel agreed that the jury was asking for further evidence, evidence that was irrelevant, and that the jury should decide the case based upon the evidence before them.

Furthermore, in the Defendant's motion, he states that the State did not introduce the clubs and shoes into evidence.  However, the Defendant also states that Edwin Cintron of the Lee County Sheriffs Office testified that he searched the Defendant's truck, that he found the golf clubs and shoes which he showed to the victim, he identified a picture which was taken of the stolen items and then returned the items to the alleged owner.

Section 90.91 of the Florida Statutes is a mechanism created by the legislature to return recovered stolen property to a victim in a more expeditious manner.  In a crime involving the wrongful taking of property, a photograph of the property may be deemed competent evidence of such property and may be admissible to the same extent as if such property were introduced as evidence.  Fla. Stat. §90.91.  As the Second District Court of Appeal stated in <u>Thomas v. State</u>, 568 So. 2d 92,93 (Fla. 2d DCA 1990), "[i]f production of the property itself were an absolute requirement, no prosecution could be brought where the property was lost or destroyed prior to trial." <u>Id</u>.  In any event, trial counsel could not have been ineffective for failing to object to the trial court's correct response to the jury, which was a request for the trial court to comment on the evidence or to provide an answer concerning evidence not admitted into evidence.

Exh. #8 at 1-3, ¶¶2-5.  The appellate court affirmed the State court's ruling without opinion.  Thus, the State court's ruling is entitled to deference unless the ruling is contrary to or an unreasonable application of <u>Strickland</u>.  In evaluating the

performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption in favor of competence.

The Court finds that the record affirmatively refutes Petitioner's characterization of the jury's question. As evidenced by the record, the jury submitted to the court the following two handwritten written questions:

1.   Why was truck secured/impounded?

2.   Was golf club and golf shoes in sight of police officer when stopped for tag light violation?

Exh. #15, Vol. II at 121; Vol. IV at 84, lines 20-25.   When presented with the two questions, the court, the prosecutor and the defense attorney immediately agreed that both questions were not relevant.   <u>Id.</u>  at 85, lines 1-3.   After consulting with both counsel, the court brought the jury in and advised them as follows:

> After consulting with the attorneys, here is the answer which the law allows to your questions: Your questions ask for further evidence.  The evidence you seek is not relevant.  And further, this case must be decided only on the evidence that you have heard from the testimony of the witnesses and seen in the form of exhibits in evidence and the instructions by the Court.

<u>Id.</u> at 86, lines 9-15.  The jury's question as posed asked about the location of the golf club and shoes in relation to the police officer's line of sight.   To the extent Petitioner suggests otherwise, Petitioner is factually incorrect.

Having thoroughly considered the record, including the trial transcript, and the applicable law, the Court finds that the state court's denial of Petitioner's ineffective assistance of counsel

claim stemming from counsel's agreement with and failure to object to the trial court's response to the jury's question is not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

**Ground Two**

In ground two, Petitioner claims that counsel was ineffective for failing to introduce evidence that would have impeached the testimony the trial court relied upon in denying Petitioner's motion to suppress evidence.  Petition at 7.  Petitioner argues that had counsel "properly impeached the evidence in question, there is a reasonable likelihood that trial court would have suppressed the evidence of the burglary." <u>Id.</u>  In particular, in his Rule 3.850 motion, Petitioner claims that counsel should have submitted the police dispatch logs and the traffic ticket warning issued to Petitioner when he was stopped to establish the amount of time Petitioner was detained before the K-9 search, which led to the discovery of the warrant and the eventual discovery of the golf club/shoes. Exh. #6 at 16.  Petitioner contends that the above evidence would have demonstrated that "the police held [Amoroso] longer than necessary to issue a traffic citation." <u>Id.</u> at 17.

Respondent, in its response to Petitioner's Rule 3.850 motion, argued that the denial of the motion to suppress was raised on

direct appeal.  Exh. #7 at 2.  Further, Respondent points out that counsel challenging the search as illegal in fact "argued that the detention following the stop for the tag light was invalidly prolonged."  <u>Id.</u>

In denying this claim, the trial court found as follows:

> Secondly, the Defendant alleges that trial counsel was ineffective for failing to present impeachment evidence during the motion to suppress.  The Defendant claims that a copy of the written traffic citation and the dispatch log would have impeached the officer's testimony.  Yet, the Defendant fails to produce either the citation or a copy of the dispatch log to corroborate his allegation.
>
> An attorney's performance must be reasonable under the prevailing professional norms, when considering all of the circumstances viewed from the attorney's perspective at the time of trial. <u>Cabrera</u> at 1133.  There is a strong presumption of reasonableness which the defendant must overcome. <u>Id</u>.
>
> In the instant case, defense counsel argued at the hearing on the motion to suppress that the stop was illegal and that the length of detainment was improper.  Both of the issues were raised again on direct appeal.  Furthermore, the Defendant's motion states that not only did the Defendant testify at the hearing but, also, officers Drum, Hinton, Short, and Rakestraw, of the Lee County's Sheriff Office.  In light of all of the above, the Court finds that defense counsel's performance was not deficient for failing to admit a copy of the written traffic citation or the police dispatch log, nor would the outcome of the proceeding have been different if he had done so.

Exh. #8 at 3, ¶¶6-8.  The appellate court affirmed the State court's ruling without opinion.  Thus, the State court's ruling is entitled to deference unless the ruling is contrary to or an unreasonable application of <u>Strickland</u>.

As noted by the post conviction trial court and Respondent, Petitioner did not attach a copy of either the traffic citation or the police log to his Rule 3.850 motion to substantiate Plaintiff's assertions concerning the length of his detainment. Further, the record reveals that trial counsel filed a motion to suppress the items retrieved from Petitioner's vehicle. Exh. #15, Vol. I at 8-12. Further, during the suppression hearing, counsel thoroughly cross-examined the police officers and, in fact, did attempt to impeach Officer Hinton with a copy of the Lee County Sheriff's log sheet to refute the exact time that Hinton called for backup. Exh. #15, Vol. I at 44-45. The Court finds this claim is factually unsupported by the record and will deny the claim as without merit.

Thus, having thoroughly considered the record, including the trial transcript, and the applicable law, the Court finds that the state court's denial of Petitioner's ineffective assistance of counsel claim stemming from counsel's failure to introduce evidence that would have impeached the testimony the trial court used to deny Petitioner's motion to suppress evidence is not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

### Ground Three

In ground three, Petitioner claims counsel was ineffective for failing to object to an improper chain of custody for the items allegedly stolen by Petitioner. Petition at 9. Petitioner asserts that had counsel objected to the chain of custody "the items in question would have been inadmissible." Id. Specifically, as set forth in his Rule 3.850 motion, Petitioner claims that the State did not establish that the items testified to at trial by the store owner, Mr. Kosko, were the same items taken from Petitioner's car. Exh. #6 at 19-29. Petitioner argues that the State returned the stolen items to the victim and he sold them before trial, essentially resulting in a spoilation of the evidence. Reply at 6.

In response, Respondent argues that contrary to Petitioner's assertions, the store owner, Mr. Kosko, positively identified the golf club and shoes as the times stolen during the burglary. Response at 17. Additionally, Respondent points to the testimony of Officer Citron who described the chain of custody of the items recovered from Petitioner vehicle. Id.

In rejecting this claim, the post conviction trial held as follows:

> The Defendant's third allegation, that trial counsel was ineffective for failing to object to the chain of custody of the stolen items, is without merit for the reasons stated in regard to the Defendant's first allegation. In fact, the Defendant's statement which states that "no witness testified that these items referred to at trial were the same items taken from Defendant and then eventually given back to Kosko," is contradicted by the Defendant's recitation of the facts under issue one which

> refers to Officer Citron's testimony.  <u>See</u> Defendant's
> motion page 19 and page 12.  In conclusion, the Court
> finds that the Defendant has failed to meet his burden
> under <u>Strickland</u> in regard to any and all allegations
> presented herein.

Exh. #8 at 3-4, ¶9.  The appellate court affirmed the State court's

ruling without opinion.  Thus, the State court's ruling is entitled

to deference unless the ruling is contrary to or an unreasonable

application of <u>Strickland</u>.

At trial, the store owner, Mr. Kosko testified that the

officer brought him his "driver," which Kosko testified is "a very

unique driver" and, explained he also was able to identify it

because he had engraved his initials on the bottom of it.  Exh. #15

at Vol. IV at 24, lines 2-6.  Kosko authenticated that a photograph

accurately reflected the golf club and shoes taken from his

business during the burglary.  <u>Id.</u> at 25-26.  Defense counsel

objected on the basis of foundation to the admission of the

photograph as evidence.  <u>Id.</u> at 26, lines 8-19.  The trial court

accepted the photograph into evidence as the State's Exhibit Number

1.  <u>Id.</u> at 20-22.  When questioned by defense counsel as to

location of the golf club and shoes, Kosko stated that the golf

club was in his van, but admitted to selling the shoes.  <u>Id.</u> at 34,

lines 1-6.  Subsequently, Mr. Kosko was called back to the stand

after he had retrieved his driver to identify its unique features.

<u>Id.</u> at 42-48. Additionally, Agent Edwin Cintron, who was the case

agent, testified to recovering a golf club and shoes from the

Petitioner's truck, which was stored at the Lee County Sheriff's

impound lot.  Citron further testified that he took a picture of
the items with the victim when he returned them to the victim and
that the victim immediately identified the items upon return.
Additionally, Citron explained the security procedures, and the
limitations on access into the impound lot.  Id. at 53-62.

Petitioner does not suggest any basis for challenging the
authenticity of the photograph or how the chain of custody was
broken.  Here, Officer Citron testified that he reviewed the
inventory log of the Petitioner's vehicle which was located in the
impound lot, recovered the property from the truck, and personally
delivered it to Mr. Kosko and took a picture of Mr. Kosko with the
items.  Petitioner does not make any showing that the photograph or
Agent Cintron's testimony was improperly admitted.  The record is
devoid of any evidence to show a probability of tampering.
Petitioner does not allege or demonstrate any gap in the chain of
custody of the stolen items as established by Agent Cintron's
testimony.  See Garcia v. State, 873 So. 2d 426, 427 (Fla. 3d
D.C.A. 2004)(finding that the State is not required to establish a
complete chain of custody where the record does not demonstrate
that there was a probability of tampering with evidence).  Thus,
counsel cannot be deemed deficient for failing to object to the
authenticity of the photograph or Agent's Citron's testimony
establishing the stolen item's chain of custody.  See Bush v.
Singletary, 988 F.2d 1082, 1092-93 (11th Cir. 1993)("Strickland
does not compel an attorney to urge an argument which he reasonable

-19-

finds to be futile, let alone one he finds to be false."). Consequently, the Court finds that this ground is due to be denied under either prong of <u>Strickland</u>.

Thus, having thoroughly considered the record, including the trial transcript, and the applicable law, the Court finds that the state court's denial of Petitioner's ineffective assistance of counsel claim stemming from counsel's alleged failure to object to improper chain of custody for the items allegedly stolen by Petitioner is not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

Based upon the foregoing, the Court will deny the Petition with prejudice.  Any other claims not specifically addressed herein are found to be without merit.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. #1) is **DENIED.**

2.   The Clerk of the Court shall enter judgment denying the Petition; terminate any pending motions; and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this   30th   day of September, 2008.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record